IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CARLA FAITH CLARK                                                            PLAINTIFF

vs.                                   CIVIL NO. 06-5077

MICHAEL J. ASTRUE[1], COMMISSIONER
SOCIAL SECURITY ADMINISTRATION                                               DEFENDANT

## MEMORANDUM OPINION

Carla Clark ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"), under Titles II and XVI of the Act.

**Background:**

The applications for DIB and SSI now before this court were filed on July 28, 2003, alleging an inability to work since October 14, 2000, due to pseudotumor cerebri[2] and morbid obesity. (Tr. 14, 57-60). An administrative hearing was held on June 28, 2005. (Tr. 393-447).

At the time of the administrative hearing, plaintiff was twenty-eight years old and possessed a limited education. (Tr. 15). The record reveals that she had no past relevant work ("PRW"). (Tr. 15).

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] "Pseudotumor cerebri is a condition characterized by increased intracranial pressure in the absence of any evidence of intracranial space-occupying lesion, obstruction of the ventricular or subarachnoid pathways, infection, or hypertensive encephalopathy." THE MERCH MANUAL 1483 (16th ed. 1992). This condition is more common in women between the ages of 20 and 50 and is most prevalent in overweight women. *Id*.

The Administrative Law Judge ("ALJ"), rendered a partially favorable decision on September 15, 2005. (Tr. 14–23). For purposes of her DIB application, the ALJ determined that plaintiff's date last insured was December 31, 2001. However, he found that she did not have a severe impairment on or before this date. As her application for SSI was protectively filed on July 28, 2003, the ALJ concluded that plaintiff's pseudotumor cerebri, degenerative disc disease of spine, headaches, chronic anemia, irritable bowel syndrome, and status post gastric bypass surgery were considered to be severe as of this date.[3] Although her impairments did not meet the requirements of a listed impairment, he found that plaintiff was disabled beginning on July 28, 2003. (Tr. 23).

On February 27, 2006, the Appeals Council declined to review this decision. (Tr. 4-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. (Doc. # 10, 11).

**Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

---

[3] SSI may not be granted prior to a claimant's application filing date, because benefits through an SSI application are allowed only after all regulatory criteria are established, namely after the SSI application is filed. *See* 20 C.F.R. § 416.335; *Jernigan v. Sullivan*, 948 F.2d 1070, 1072 n. 3 (8th Cir. 1991). This is why the ALJ determined July 28, 2003, to be plaintiff onset date for purposes of SSI.

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an

AO72A
(Rev. 8/82)

impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**Discussion:**

With respect to plaintiff's application for DIB, which is the only issue in this case, the critical question is whether plaintiff was disabled on or before December 31, 2001, the date her insured status expired. *See* 20 C.F.R. §§ 404.130, 404.131(b). To be eligible for Title II benefits, plaintiff must have been in an insured status at the onset of her disability. *See* 20 C.F.R. § 404.131(a)(requiring applicants for Title II disability insurance benefits to have insured status at the time of onset of the disability); *Pyland v. Apfel*, 149 F.3d 873, 876 (8th Cir. 1998) (finding that the plaintiff must establish that she was disabled before expiration of her insured status); *and see* 20 C.F.R. §§ 404.315, 404.320.

Of particular concern to the undersigned is the ALJ's conclusion that plaintiff's impairments were non-severe on or prior to December 31, 2001, her date last insured. "A majority of the Supreme Court has adopted what has been referred to as a 'de minimis standard' with regard to the step two severity standard." *Hudson v. Bowen*, 870 F.2d 1392, 1395 (8th Cir. 1989); *Funderburg v. Bowen*, 666 F.Supp. 1291 (W.D. Ark. 1987). Accordingly, an ALJ may consider an impairment

to be non-severe only if a claimant's medical impairments are so slight that it is unlikely he or she would be found to be disabled even if their age, education, and work experience were taken into account. *See Bowen v. Yuckert*, 482 U.S. 137, 153 (1987). The Secretary has also ruled that "an impairment is found not severe . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have *no more than a minimal effect* on an individual's ability to work." *See* SSR 85-28 (emphasis added). Thus, "[o]nly those claimants with slight abnormalities that do not significantly limit any 'basic work activity' can be denied benefits without undertaking the vocational analysis." *Bowen*, 482 U.S. at 158.

After reviewing the medical evidence of record, we cannot say that plaintiff's impairments were non-severe. The evidence reveals that plaintiff had been diagnosed with pseudotumor cerebri. During the relevant time period, she received treatment for vision problems, dizziness, and headaches associated with this condition. (Tr. 117, 165, 167, 209). Plaintiff was also suffering from obesity, a condition that was detrimental to the successful treatment of pseudotumor cerebri. Records indicate that she weighed approximately 326 pounds. (Tr. 216-220). As such, she underwent gastric bypass surgery in March 2001 to aide in the treatment of her condition. (Tr. 222). However, while recovering from this surgery, she had a gall bladder attack which resulted in a second surgery to remove her gall bladder. (Tr. 119-134). However, midabdominal adhesions from her gastric bypass surgery precluded entry of the abdomen via a laparoscope. Therefore, an exploratory laparotomy was performed. During surgery, it was noted that plaintiff had early appendicitis, and the decision was made to also remove her appendix. (Tr. 120, 124). Following

AO72A
(Rev. 8/82)

surgery, plaintiff continued to experience abdominal pain. (Tr. 217, 305-306). It was then found that plaintiff was suffering from an incisional hernia. (Tr. 299). In early January 2002, she underwent a third surgery to repair the hernia. (Tr. 136).

It is clear from the evidence that plaintiff was suffering from a combination of impairments that impacted her ability to perform work-related activities. While we cannot say that plaintiff's condition was disabling, we do not find substantial evidence to support the ALJ's determination that plaintiff's impairments were non-severe. Accordingly, we believe that remand is necessary to allow the ALJ to reconsider the evidence concerning plaintiff's impairments on or before December 31, 2001. In so doing, the ALJ should continue his sequential evaluation of plaintiff's impairments.

**Conclusion:**

Based on the foregoing, we reverse the ALJ's decision and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 07th day of March 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE