IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CARLA FAITH CLARK                                                         PLAINTIFF

     v.                                          CIVIL NO. 06-5077

MICHAEL J. ASTRUE[1], Commissioner
Social Security Administration                                            DEFENDANT

### ORDER

     Plaintiff, Carla Clark, appealed the Commissioner's denial of benefits to this court. On March 7, 2007, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 13). Plaintiff now moves for an award of $5247.70 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 32.50 hours of work before the court at an hourly rate of $160.00 and $ 47.70 in expenses. (Doc. # 15, 16). Defendant has filed a response, objecting to the hourly rate requested by plaintiff's counsel. The defendant contends that $150.00 hour is a reasonable rate. The defendant also objects to many of counsel's time entries, stating that these were tasks that could have been performed by support staff and are, therefore, not compensable under the EAJA. (Doc. # 17).

     On April 22, 2007, plaintiff's counsel filed a reply to the defendant's response to the motion for attorney's fees, as well as a supplemental motion for attorney's fees requesting an additional 5.75 hours for time spent preparing plaintiff's reply and an additional $11.61 in

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

expenses.  (Doc. # 18, 19).  Counsel contends that $160.00 per hour is a fair rate, utilizing the Consumer Price Index.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits.  *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985).  Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action.  *Id.  See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

2

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991), quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.*

Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Plaintiff requests attorney's fees under the EAJA at a rate of $160.00 an hour. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index and presented evidence of an increase in the cost of living. We note, however, that an award based upon an hourly rate of $150.00 per hour, reflecting an increase in the cost of living, will result in consistent hourly fee awards in cases in Arkansas. *See Johnson v. Sullivan,* 919 F.2d 503, 505 (8th Cir. 1990). Thus, based upon the above factors, we find that an appropriate hourly rate for the award of attorney's fees in this case is $150.00 per hour.

We next address the number of hours plaintiff's counsel claims he spent working on this case. Plaintiff requests .25 hour on May 2, 2006 (instruct staff and prepare letters), .17 hour on May 16, 2006 (instructions to staff); .17 hour on May 31, 2006 (instruct staff); .17 hour on July 14, 2006 (letter to client); .17 hour on August 10, 2006 (instruct staff re: submission of brief); .17 hour on October 10, 2006 (instruct staff re: transmit reply brief); .17 hour on October 10,

2006 (letter to client); .25 hour on March 7, 2007 (letter to client); and .17 hour on April 2, 2007 (letter to client). We find, however, that these tasks are not compensable under the EAJA as they could have been performed by support staff. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). Therefore, 1.69 attorney hours must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks a total of .25 hour for the preparation of summonses, .17 hour for reviewing proof of service, .17 hour for reviewing the order of reference, .17 hour for reviewing the answer, .17 hour for reviewing the order limiting brief size, .17 hour for reviewing the court's scheduling order, and .17 hour for reviewing the reassignment order. This court concludes that the time submitted on the above referenced dates, should not have taken an attorney experienced in handling social security cases more than five or six minutes to review these documents. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D. Ark. 1989). We find the time requested to be excessive and deduct .57 hour.

Plaintiff's counsel seeks a total of 17.08 hours for reviewing the transcript, researching, and writing plaintiff's appeal brief. There were no unique or complex issues to be developed in this particular case. Plaintiff's counsel frequently represents social security plaintiff's before this court and should be well versed in social security law and we find that the time submitted for preparing this brief to be excessive. Therefore we are reducing the number of hours submitted for the preparation of plaintiff's brief to 15.00 hours, thereby deducting 2.08 hours.

Counsel also requests 4.08 hours for the preparation of plaintiff's reply to the defendant's appeal brief and 5.50 hours for the preparation of the EAJA petition and brief in support. Here

5

again, we do not find any unique or complex issues involved in this case. Therefore, we find this time to be excessive and deduct 6.08 hours.

In addition, counsel seeks 5.75 hours for the preparation of his reply to the defendant's response to his motion to EAJA. (Doc. # 19-3). We find this time to be excessive, as counsel is not required to file a response. Accordingly, we deduct 4.25 hours.

Finally, counsel seeks reimbursement for $59.31 in expenses incurred with regard to the costs of service, postage, and copies. Such expenses are recoverable under the EAJA and we find $59.31 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we find that plaintiff's counsel is entitled to an award of attorney fees under the EAJA for: 23.58 (38.25-14.67) attorney hours, at the rate of $150.00 per hour and $59.31 in expenses for a total attorney's fee award of $3596.31. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

Dated this <u>24th</u> day of April 2007.

        /s/ *J. Marschewski*
        HON. JAMES R. MARSCHEWSKI
        UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)